IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02495-BNB

STEVEN R. WILSON,

     Plaintiff,

v.

JEFF L. JENKS, Polygrapher, of Amich and Jenks, Inc. and Member of the Colorado
     Sex Offender Management Board ("SOMB"),
THOMAS W. SHEELY, Polygrapher, Employee of Amich and Jenks, Inc.,
CHRISTINA MARQUEZ, Treatment Provider for the Sex Offender Treatment and
     Monitoring Program ("SOTMP"),
BURL MCCULLAR, SOTMP Member,
ANTHONY DECESARO, Colo. Dept. of Corrections ("CDOC") Step III Grievance
     Officer,
LEONARD WOODSON, SOTMP Treatment Provider,
S. MICHAEL DUNLAP, SOTMP Treatment Provider,
PHASE II SOTMP TREATMENT TEAM, and
TOM CLEMENTS, Executive Director of the CDOC,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

     Plaintiff, Steven R. Wilson, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Arrowhead

Correctional Center in Cañon City, Colorado.  Mr. Wilson initiated this action by filing

*pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and

unspecified declaratory relief.

     On November 28, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Wilson to

file within thirty days an amended Prisoner Complaint that sued the proper parties,

complied with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure, and asserted the personal participation of each named defendant in the amended complaint.  On January 22, 2013, Mr. Wilson filed the amended complaint.

Mr. Wright has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Wilson is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Wilson's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended complaint will be dismissed in part.

Mr. Wilson alleges that he was convicted of six offenses, including two sex offenses involving persons eighteen years of age or older, and sentenced to twenty-six years in the DOC.  He complains that on October 28, 2010, during a polygraph examination, Defendant Jeff L. Jenks, a private polygrapher, suggested he would pass the examination if he admitted to sexually assaulting a child.  Thirty days after the October 28 examination, Defendant Cristina Marquez, a treatment provider for the Sex Offender Treatment and Monitoring Program (SOTMP), informed him the examination revealed his answers were deceptive.  Based upon the allegedly deceptive polygraph, Mr. Wilson contends he was subjected to at least four more polygraph examinations by Mr. Jenks and Thomas Sheely, also a private polygrapher, each of which revealed deceptive answers.  Mr. Wilson contends Ms. Marquez again suggested he admit to sexually assaulting a child.  Mr. Wilson alleges that his next scheduled parole hearing will occur in April 2013 and, as a result of polygraph results, he anticipates he will not be recommended for release on parole.

On the basis of these allegations, Mr. Wilson contends he has been denied equal protection because he lost a more advantageous custody level and privileges, including use of personal appliances, gym recreation, and association with co-inmates, without the opportunity to rebut claims that his examination answers were deceptive.  He also contends he is subject to a loss of privileges for as long as he remains subject to SOTMP supervision and the polygraph policy.  Mr. Wilson argues he has been denied due process because he did not receive a pre- or post-deprivation hearing to rebut the claims of deceptive answers to polygraphs before his loss of privileges, and may not be recommended for release on parole in April 2013.

3

Mr. Wilson's equal protection claim is without merit.  The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV.  "The threshold requirement of an Equal Protection claim is a showing that the government discriminated among groups."  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).  "A state practice will not require strict judicial scrutiny unless it interferes with a 'fundamental right' or discriminates against a 'suspect class' of individuals."  *Vasquez v. Cooper*, 862 F.2d 250, 252 (10th Cir. 1988).  "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a 'rational relation to some legitimate end' to comport with the Equal Protection Clause of the Fourteenth Amendment."  *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)) (emphasis added). *See also Vasquez*, 862 F.2d at 25152 ("Unless it provokes strict judicial scrutiny, a state practice that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose") (citation omitted).

Mr. Wilson's allegations do not implicate either a fundamental right or a protected class.  Therefore, when considering his equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class."  *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008).  A person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Equal protection, however, does not

4

require that all people be treated identically.  *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981).

Mr. Wilson's allegations fail to demonstrate how his equal protection rights were violated by his less-advantageous custody level and loss of privileges.  It is not plausible that "there are no relevant differences between [Mr. Wilson] and other inmates that reasonably might account for their different treatment." *Templeman* v. *Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).  As a result, Mr. Wilson cannot establish that he was treated differently than "similarly situated" inmates.  Accordingly, the equal protection claim will be dismissed.

Mr. Wilson also fails to allege facts to show that Defendants S. Michael Dunlap and Anthony DeCesaro, the steps 1 and 3 grievance officers, participated in a deprivation of his constitutional rights.  Mr. Wilson was warned by Magistrate Judge Boland in the November 28 order for an amended complaint that personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (dismissing claim against grievance officer where plaintiff failed to allege that defendant "had any authority with respect to official CDOC policy or that he personally participated in any of the deprivations that led [Plaintiff] to file the grievance"); *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007). Mr. Wilson does not state specific facts to show that either Mr. Dunlap or Mr. DeCesaro had any authority to make decisions concerning his loss of a more advantageous custody level and privileges. These Defendants therefore are improper parties to this action, and will be dismissed.

Mr. Wilson's remaining due process claim against the remaining Defendants does not appear to be appropriate for summary dismissal. The remaining claim and the case will be drawn to a district judge and to a magistrate judge. See D.C.COLO.LCivR 8.2D.

Accordingly, it is

ORDERED that the equal protection claim is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

6

FURTHER ORDERED that the claims asserted against Defendants S. Michael Dunlap and  Anthony DeCesaro are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Defendants S. Michael Dunlap and Anthony DeCesaro are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __3rd__ day of ___April_____, 2013.

BY THE COURT:


_  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

7