IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02495–PAB–KMT

STEVEN R. WILSON,

    Plaintiff,

v.

JEFF L. JENKS, Polygrapher, of Amich and Jenks, Inc. and member of the Colorado Sex Offender Management Board ("SOMB),
THOMAS W. SHEELY, Polygrapher, Employee of Amich and Jenks, Inc.
CHRISTINA MARQUEZ, Treatment Provider for the Sex Offender Treatment and Monitoring Program ("SOTMP"),
BURL MCCULLAR, SOTMP Member,
LEONARD WOODSON, SOTMP Treatment Provider,
PHASE II SOTMP TREATMENT TEAM, and
TOM CLEMENTS, Executive Director of the CDOC,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion for Leave to Supplement the Complaint Pursuant to Rule 15(d)" (Doc. No. 16, filed April 29, 2013).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A Rule 15(d) motion is "addressed to the sound discretion of the court, and leave to serve a supplemental pleading 'should be liberally granted unless good reason exists for denying

leave.'" *Southwest Nurseries, LLC v. Florists Mutual Insurance, Inc.,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (quoting *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001)). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)[2]." *Id.* (citing *First Savings Bank v. U.S. Bancorp,* 184 F.R.D. 363, 368 (D. Kan. 1998)).

Under Rule 15(a)(2), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West*, *Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff seeks to supplement his complaint to add a claim that "concerns the administration of the polygraph to Plaintiff, the subsequent finding of deception and the denial of post deprivation remedies." (Doc. No. 16 at 3.) However, he has not attached his proposed supplemental complaint "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Therefore, it is impossible to determine if the proposed supplemental complaint is permissible. Thus, it is

ORDERED that "Plaintiff's Motion for Leave to Supplement the Complaint Pursuant to Rule 15(d)" (Doc. No. 16) is DENIED without prejudice.

Dated this 30th day of April, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge