IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02495–RM–KMT

STEVEN R. WILSON,

Plaintiff,

v.

JEFF L. JENKS, Polygrapher, for Amich and Jenks, Inc. and Member of the Colorado Sex Offender Management Board ("SOMB),
THOMAS W. SHEELY, Polygrapher for Amich and Jenks, Inc.,
CHRISTINA MARQUEZ, Treatment Provider for the Arrowhead Corr. Center ("ACC"), Sex Offender Treatment and Monitoring Program ("SOTMP"),
BURL MCCULLAR, Treatment Provider for the ACC SOTMP,
LEONARD WOODSON, Treatment Provider for the ACC SOTMP,
S. MICHAEL DUNLAP, Treatment Provider for the ACC SOTMP,
PHASE II SOTMP TREATMENT TEAM, and
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections (CDOC),

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya, United States Magistrate Judge**

This matter is before the court on Defendants Marquez, McCullar, Woodson, Dunlap, and Raemisch's ("CDOC Defendants") "Motion to Dismiss" (Doc. No. 65 [CDOC's Mot.], filed October 24, 2013). Plaintiff filed his response on December 16, 2013 (Doc. No. 80 [Resp. CDOC's Mot]), and the CDOC Defendants filed their reply on January 23, 2014 (Doc. No. 84 [CDOC Reply]).

Also before the court is Defendants Jenks and Sheely's "Motion to Dismiss" (Doc. No. 74 [Jenks' Mot.], filed November 27, 2013). Plaintiff filed his response on January 8, 2014 (Doc. No. 83 [Resp. Jenks' Mot.]), and Defendants Jenks and Sheely filed their reply on Janaury 23, 2014 (Doc. No. 84 [Jenks' Reply]).

These motions are ripe for this recommendation and ruling.

**STATEMENT OF THE CASE**

At the time Plaintiff filed this action he was an inmate in the Colorado Department of Corrections ("CDOC"). (*See* Doc. No. 10 [Compl.], filed January 22, 2013.) Plaintiff brings this action for injunctive and declaratory relief pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiff states on February 8, 1999, he was convicted of six criminal offenses, including two sex offenses. (*Id.* at 6.) He was sentenced to the CDOC, which requires prisoners who are convicted of sex offenses to undergo sex offender treatment administered by the Sex Offender Treatment and Monitoring Program ("SOTMP"). (*Id.*) As part of Phase II of the SOTMP, Plaintiff agreed to participate in a polygraph examination. (*Id.* at 7.) On October 28, 2010, Plaintiff alleges he submitted to a polygraph examination during which Defendant Sheely "made the suggestion that Plaintiff would 'pass' the exam if he would just admit to sexually assaulting a child." (*Id.* at 9.) Plaintiff maintained that he had never assaulted a child, but Plaintiff was later advised that the polygraph examination revealed he was deceptive in his answers. (*Id.* at 10.) Plaintiff alleges he was not given an opportunity to rebut the finding. (*Id.*) Plaintiff also alleges he was subjected to at least four more polygraph examinations, and he was advised he failed all of them. (*Id.*)

Plaintiff claims that, due to the deceptive polygraph findings, it is possible he may lose privileges. (*Id.* at 11.) Plaintiff alleges he has been denied his equal protection and due process rights. (*Id.*)

The defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (*See* CDOC Mot.; Jenks' Mot.)

**STANDARDS OF REVIEW**

***1.*** **Pro Se *Plaintiff***

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

***2. Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

**ANALYSIS**

***1. Eleventh Amendment Immunity***

The CDOC Defendants argue that Plaintiff's claims for retrospective declaratory relief are barred by the Eleventh Amendment.

As a general rule, the Eleventh Amendment immunizes states from suit in federal court. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)("the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies."). Moreover, claims for damages against a state employee in his official capacity are construed as claims against the State and are thus likewise barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985)(a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado,* 82 F.3d 364, 366 (10th Cir. 1996)(Eleventh Amendment sovereign immunity barred § 1983 claims against prison officials in their official capacities). Finally, claims for retrospective declaratory relief are barred by the Eleventh Amendment. *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

In his Complaint, Plaintiff seeks a declaration that the defendants' past actions violated

his constitutional rights. (*See* Compl. at 15.) Therefore Plaintiff's claims for retroactive declaratory relief against the CDOC Defendants properly are dismissed for lack of subject matter jurisdiction.

***2. Claims for Injunctive Relief***

On July 1, 2014, Plaintiff filed a Notice of Change of Address. (Doc. No. 85.) On August 12, 2014, this court ordered the CDOC Defendants to file a status report indicating whether Plaintiff is still incarcerated within the CDOC. (Doc. No. 86.) On August 18, 2014, the CDOC Defendants filed their Status Report, advising Plaintiff was released from his incarceration within the CDOC on June 24, 2014, and thus is no longer incarcerated within a CDOC facility. (*See* Doc. No. 87.)

"A case becomes moot when events occur which resolve the controversy underlying it." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999) (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). "In such a situation, a federal court decision provides no resolution between the parties to the lawsuit and therefore, constitutes a constitutionally impermissible advisory opinion." *Domingez-Carmona*, 166 F.3d at 1055. In other words, "when a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, [the court has] no jurisdiction under Article III." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999). Plaintiff's release from the CDOC renders his claims for injunctive relief moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (prisoner's transfer mooted his claim for injunctive relief as a judgment in the prisoner's favor

"would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him"). In *McAlpine*, the Tenth Circuit held that

> when an inmate's claim for prospective injunctive relief regarding conditions of confinement becomes moot due to the inmate-plaintiff's release from confinement, the inmate's parole or supervised release status does not, absent some exceptional showing, bring that claim under the narrow "capable of repetition, yet evading review" exception to the mootness doctrine.

*McAlpine*, 187 F.3d at 1215. "[T]he narrow capable-of-repetition exception to the mootness doctrine applies only 'where the following two circumstances [are] simultaneously present: '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.' ' " 187 F.3d at 1216 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

However, the *McAlpine* court held that "the hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions." *Id.* at 1217. Finally, *McAlpine* declined "to speculate that [the plaintiff] will break the law or otherwise violate the conditions of [the] release agreement." *Id.* at 1218 (citing *Knox v. McGinnis*, 998 F.2d 1405, 1412–15 (7th Cir.1993)). "Such speculation would undermine the presumption of innocence in our criminal justice system, and the rehabilitative focus of the parole system." *Id.*

Thus, Plaintiff's remaining claims against the CDOC Defendants for injunctive relief are moot and should be dismissed for lack of subject matter jurisdiction.

***3. Defendants Jenks and Sheely***

Defendants Jenks and Sheely argue they are not state actors for purposes of § 1983. (Jenks' Mot. at 5-8.)

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The under-color-of-state-law requirement is a "jurisdictional requisite for a § 1983 action, which . . . furthers the fundamental goals of preserving an area of individual freedom by limiting the reach of federal law . . . and avoiding imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

The court need not decide, however, whether Defendants Jenks and Sheely are state actors. If the court were to determine the defendant are state actors, the claims against them would be subject to dismissal for lack of subject matter jurisdiction, as explained *supra*, as barred by the Eleventh Amendment and for mootness. If the court were to decide the defendants are not state actors, the claims against them would still be subject to dismissal for lack of subject matter jurisdiction for failure to meet the jurisdictional requirement. *See Jojola*, 55 F.3d at 492.

Thus, Plaintiff's claims against Defendants Jenks and Sheely should be dismissed for lack of subject matter jurisdiction.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendants Marquez, McCullar, Woodson, Dunlap, and Raemisch's "Motion to Dismiss" (Doc. No. 65) and Defendants Jenks and Sheely's "Motion to Dismiss" (Doc. No. 74) be **GRANTED**, and that this case be dismissed in its entirety, with prejudice, for lack of subject matter jurisdiction.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of August, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge