**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 12-cv-02495-RM-KMT

STEVEN R. WILSON,

      Plaintiff,

v.

JEFF L. JENKS, Polygrapher, for Amich and Jenks, Inc. and member of the Colorado Sex
Offender Management Board, ("SOMB"),
THOMAS W. SHEELY, Polygrapher, Employee of Amich and Jenks, Inc.,
CHRISTINA MARQUEZ, Treatment Provider for the Arrowhead Correctional Center ("ACC"),
Sex Offender Treatment and Monitoring Program, ("SOTMP"),
BURL MCCULLAR, Treatment Provider for the ACC SOTMP,
LEONARD WOODSON, Treatment Provider for the ACC SOTMP,
S. MICHAEL DUNLAP, Treatment Provider for the ACC SOTMP,
PHASE II SOTMP TREATMENT TEAM, and
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections (CDOC),

      Defendants.

---

## ORDER

---

      This matter is before the Court on Magistrate Judge Kathleen M. Tafoya's

Recommendation ("Recommendation") (ECF No. 88) regarding Defendants Christina Marquez,

Burl McCullar, Leonard Woodson, S. Michael Dunlap, and Rick Raemisch's ("CDOC

Defendants") motion to dismiss (ECF No. 65) as well as regarding Defendants Jeff L. Jenks and

Thomas W. Sheely's (collectively, "Jenks Defendants") motion to dismiss (ECF No. 74).  Both

motions to dismiss pertain to Plaintiff Steven R. Wilson's Second Amended Prisoner Complaint

(ECF No. 48).  Also before the Court are Plaintiff's objections to the Recommendation (ECF No.

91).

For the reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the Recommendation as modified herein, and GRANTS both the CDOC Defendants' motion to dismiss and the Jenks Defendants' motion to dismiss.

## I.   LEGAL STANDARDS

### A.   Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**B.      Standard for Dismissal for Lack of Subject Matter Jurisdiction**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss for lack

of subject matter jurisdiction may be brought in two forms:  "facial" or "factual."  *Holt v. United*

*States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  A "facial attack" as to subject matter jurisdiction

challenges the sufficiency of the complaint and in reviewing such a challenge, the Court must

accept the allegations in the complaint as true.  *Id*.  A "factual attack" as to subject matter

jurisdiction challenges the facts upon which subject matter jurisdiction depends and in reviewing

such a challenge, the Court has discretion to consider documents outside complaint.  *Id*. at 1003.

If undertaking a review of subject matter jurisdiction predicated upon a factual attack of the

complaint, "a court's reference to evidence outside the pleadings does not convert the motion to

a Rule 56 motion."  *Id*.

Regardless of the type of challenge to subject matter jurisdiction, the plaintiff retains the

burden of establishing subject matter jurisdiction.  *Port City Props. v. Union Pacific R.R. Co.*,

518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted).

"State sovereign immunity is more than immunity from liability—it actually deprives

federal courts of subject-matter jurisdiction."  *Wood v. Milyard*, 414 F. App'x 103, 105 (10th

Cir. 2011) (unpublished) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)).

**C.      *Pro Se* Status**

Plaintiff is proceeding *pro se*.  The Court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United*

*States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted).  A *pro se* litigant's

conclusory allegations without supporting factual averments are insufficient to state a claim upon

which relief can be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may

not assume that a plaintiff can prove facts that have not been alleged or that a defendant has

violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc.*

*v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113

F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf)

(citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a

court may not construct arguments or theories for a plaintiff in the absence of any discussion of

those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of

different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV

00023-LTB-KMT, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *adopted*

*in* 2010 WL 4449729, at *1 (D. Colo. Nov. 1, 2010).

## II.      BACKGROUND

No party objects to the Magistrate Judge's recitation of Plaintiff's factual allegations

against Defendants (ECF No. 88 at 2-3). The Court, however, notes that Magistrate Judge

Tafoya referenced an inoperative complaint in rendering her Recommendation. (ECF No. 88 at

2-3 (citing ECF No. 10).) Plaintiff filed a Second Amended Prisoner Complaint ("Complaint")

on August 21, 2013. (ECF No. 48.) Pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure, a pleading which amends a prior pleading supersedes that prior pleading and renders

the prior pleading a nullity. Fed. R. Civ. P. 15(a); *Gilles v. United States*, 906 F.2d 1386, 1389

(10th Cir. 1990). Thus, the allegations contained in the complaint to which Magistrate Judge

Tafoya referred are inapplicable. Nonetheless, the crucial allegations in the Second Amended

Complaint (ECF No. 48) are substantially the same as those contained the Amended Complaint

(ECF No. 10).

Briefly, the Court sets forth the following relevant facts.

At the time Plaintiff filed his Complaint, he was an inmate of the Colorado Department of Corrections ("CDOC"). (ECF No. 48 at 2, 5.) Plaintiff alleged that on February 8, 1999, he was convicted of six criminal offenses, two of which were sex offenses. (ECF No. 48 at 6.) Plaintiff alleged that, as a convicted sex offender, he was required to undergo sex offender treatment which is governed by the Sex Offender Management Board ("SOMB"). (ECF No. 48 at 6.) In the CDOC, sex offender treatment is administered by the Sex Offender Treatment and Monitoring Program ("SOTMP"). (ECF No. 48 at 7.) As part of Phase II of the SOTMP, Plaintiff agreed to participate in a polygraph examination. (ECF No. 48 at 7-8.) On October 28, 2010, Plaintiff submitted to a polygraph examination during which Defendant Jenks "suggested to [him] that if [Plaintiff] just admitted to having sexually assaulted . . . children . . . he would 'pass' the examination." (ECF No. 48 at 8-9.) Plaintiff maintained that he had never sexually assaulted children. (ECF No. 48 at 9.) Plaintiff was later advised that his responses to the polygraph revealed that his answers were deceptive. (ECF No. 48 at 9.) Plaintiff alleged that he was not given an opportunity to rebut the finding. (ECF No. 48 at 9.) Plaintiff alleged that he was subjected to at least four more polygraph examinations and he was informed that he was deceptive subsequent to each. (ECF No. 48 at 10.) Plaintiff alleged that on April 10, 2013, he was subjected to a polygraph examination during which Defendant Sheely placed an unknown substance onto Plaintiff's body parts in retaliation for filing this lawsuit. (ECF No. 48 at 18.) Plaintiff alleged that he was set for a parole review hearing in September 2013. (ECF No. 48 at 11.) Plaintiff alleged that he "is subject to having to undergo polygraph examinations for the entire duration of his sentence, to include any time he may serve or be required to serve on parole." (ECF No. 48 at 12.)

Pursuant to 42 U.S.C. § 1983 ("Section 1983"), Plaintiff brought three Fourteenth Amendment claims against Defendants alleging denial of due process and equal protection. (ECF No. 48 at 6-17.)  Pursuant to Section 1983, Plaintiff also brought a First Amendment claim against Defendants alleging retaliation.  (ECF No. 48 at 18-20.)  Related to all four claims, Plaintiff made only two prayers for relief — for declaratory and prospective injunctive relief. (ECF No. 48 at 5, 22-24.)

Defendants moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  (ECF Nos. 65, 74.)

During the pendency of Defendants' motions to dismiss, Plaintiff filed a Notice of Change of Address.  (ECF No. 85.)  On August 18, 2014, CDOC Defendants filed a status report advising the Court that Plaintiff was released from CDOC incarceration on June 24, 2014, and is no longer incarcerated within a CDOC facility.  (*See* ECF No. 87.)

## III.   ANALYSIS

The Court finds that Magistrate Judge Tafoya's analysis, despite referring to an inoperative complaint, was thorough and that she reached the correct conclusions[1] given the same prayers for relief in the former and operative complaints.

### A.      Prayer for Declaratory Relief

Based upon Eleventh Amendment immunity, the Magistrate Judge recommended to dismiss Plaintiff's claims to the extent he sought declaratory relief.  (ECF No. 88 at 5-6.) Plaintiff objects to this aspect of the Recommendation.  (ECF No. 91 at 5-7.)

The Eleventh Amendment to the United States Constitution states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity,

---

[1]Magistrate Judge Tafoya recommended dismissing the lawsuit with prejudice.  (ECF No. 88 at 9.)  Because the Court finds that it lacks subject-matter jurisdiction over the lawsuit, dismissal will be without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (citations omitted).

commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. As a general rule, the Eleventh Amendment immunizes states from suit in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Further, the Eleventh Amendment "bars a suit brought in federal court by the citizens of a state against the state or its agencies . . . and applies whether the relief sought is legal or equitable." *Id.* (Internal quotation and citations omitted.) Claims for damages against a state employee in his official capacity are construed as claims against the State and are thus likewise barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that, pursuant to Section 1983, the Eleventh Amendment bars retroactive equitable relief claims against prison officials in their official capacities). The Eleventh Amendment does not bar a suit brought in federal court which seeks to prospectively enjoin a state official from violating federal law. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Johns*, 57 F.3d at 1552. Finally and most importantly for the present matter, the Eleventh Amendment bars claims for retrospective declaratory relief. *Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

In his Complaint, Plaintiff sought, in part, a declaration that Defendants' past actions violated his constitutional rights. (ECF No. 48 at 22-23.) Therefore, the Recommendation correctly concluded that the Eleventh Amendment bars Plaintiff's claims for retroactive declaratory relief against Defendants. *See Meiners*, 359 F.3d at 1232.

Plaintiff's objection is not a model of clarity. But the Court construes Plaintiff's objection as arguing that he sought "prospective" declaratory relief from an ongoing violation of his constitutional rights. (*See* ECF No. 91 at 5-7.) Plaintiff's Complaint, however, contains no allegations regarding an *ongoing violation* of his constitutional rights. (*See generally* ECF No.

7

48.)  Plaintiff's Complaint contains a singular conclusory allegation related to *potential* future polygraph examinations.  (ECF No. 48 at 12 ("Plaintiff is subject to having to undergo polygraph examinations for the entire duration of his sentence, to include any time he may serve or be required to serve on parole.").)  The allegation that Plaintiff *might* be subject to some *future* polygraph examination is not the same as an allegation that the future polygraph examination violates his constitutional rights.  Plaintiff pled no allegations showing that there is a "threatened injury" related to a future polygraph that is "certainly impending" to constitute an ongoing injury in fact.  *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (citations omitted); (*see generally* ECF No. 48).  Plaintiff cannot amend his Complaint through filings in opposition to Defendants' motions to dismiss or through objections in opposition to the Recommendation.  *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *see also Commw. of Pa. v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (holding that legal theories set forth in a response brief cannot serve to amend a complaint in response to a motion to dismiss); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

In Plaintiff's objection (ECF No. 91 at 6), Plaintiff points the Court to one paragraph in his Complaint in which he alleges that as a "determinately sentenced offender, [he] is required to meet the same criteria for parole release recommendation . . . [and] [i]n the absence of such criteria, Plaintiff is not actually eligible for parole release."  (ECF No. 48 at 10.)  Plaintiff, however, is no longer an inmate and has been released to parole.  (*See* ECF No. 87.)

Further, Plaintiff argues that "he remains susceptible to faulty polygraph examinations administered under the suggestion, guidance or directions of the Defendants." (ECF No. 91 at 6.) And Plaintiff further argues that "the complaint now has a new element to which the Court should take judicial notice of. The fact remains that at any time while on parole or in the custody of CDOC, a polygraph examination *can be* scheduled to which the plaintiff cannot reject." (ECF No. 91 at 7 (emphasis added).) Again, Plaintiff failed to articulate such allegations in his Complaint. (*See generally* ECF No. 48.) It is not the Court's obligation to round out Plaintiff's Complaint by supplying allegations sufficient to state a claim. *Whitney*, 113 F.3d at 1173-74. And Plaintiff's singular allegation that he is subject to potential future polygraphs is insufficient to show an ongoing injury in fact[2]. *See Whitmore*, 495 U.S. at 158.

Moreover, the Complaint is directed to particular examiners' conduct in specific polygraph examinations and Plaintiff's inability to rebut those examiners' conclusions in the past. (ECF No. 48 at ¶¶ 13-20, 24-25, 30-32, 35, 36, 48-49.) Plaintiff alleges nothing related to these examiners or the potential future process of accepting these examiners' conclusions while he is on parole. (*See generally* ECF No. 48.) Thus, Plaintiff makes no allegations between the alleged past misconduct and *potential future* polygraph examinations.

For these reasons, the Court overrules Plaintiff's objection and adopts the Recommendation with respect to Plaintiff's claims for declaratory relief. The Court dismisses such claims for lack of subject matter jurisdiction based upon the Eleventh Amendment.

---

[2] Although not properly authenticated, additional support for the Court's holding that Plaintiff fails to state an ongoing injury in fact is found in the "Parole Consent Form" Plaintiff attached to his objection (ECF No. 91 at 31.) Assuming the document is authentic (which the Court does not), it states that Plaintiff is to "submit to [a] polygraph examination[] *upon the request* of [his] Parole Officer." (ECF No. 91 at 32 (emphasis added).) Plaintiff has made no allegation regarding a Parole Officer's ordering him to submit to a polygraph examination, and thus there is no injury in fact.

**B.      Prayer for Prospective Injunctive Relief**

Based upon Plaintiff's release from CDOC incarceration, the Magistrate Judge found

Plaintiff's claims for injunctive relief to be moot and therefore dismissed the claims for lack of

subject matter jurisdiction.  (ECF No. 88 at 6-7.)  Plaintiff objects to this aspect of the

Recommendation.  (ECF No. 91 at 18-21.)

The doctrine of mootness is an aspect of Article III's case or controversy requirement.  A

case becomes moot when the issues involved are no longer "live" or the parties have no personal

stake in the outcome. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980).

In practical terms, a plaintiff's claim is moot if no reasonable expectation that the alleged

violation will recur exists and interim events have eliminated the effects of the alleged violation.

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (citation

omitted).  "In such a situation, a federal court decision provides no resolution between the parties

to the lawsuit and therefore, constitutes a constitutionally impermissible advisory opinion."

*United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other*

*grounds by United States v. Meyers*, 200 F.3d 715, 721-22 (10th Cir. 2000).  "When a favorable

decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet

evading review, [the Court has] no jurisdiction under Article III."  *McAlpine v. Thompson*, 187

F.3d 1213, 1216 (10th Cir. 1999).

The Tenth Circuit's decision in *McAlpine* is instructive in this case.  In *McAlpine*, the

Tenth Circuit held that

> when an inmate's claim for prospective injunctive relief regarding conditions of
> confinement becomes moot due to the inmate-plaintiff's release from
> confinement, the inmate's parole or supervised release status does not, absent
> some exceptional showing, bring that claim under the narrow 'capable of
> repetition, yet evading review' exception to the mootness doctrine.

*McAlpine*, 187 F.3d at 1215.  "[T]he narrow capable-of-repetition exception to the mootness doctrine applies only 'where the following two circumstances [are] simultaneously present: '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'"  187 F.3d at 1216 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).  The *McAlpine* court, however, held that "the hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions."  *Id*. at 1217.  And *McAlpine* declined to "speculate that [the plaintiff] will break the law or otherwise violate the conditions of [the] release agreement."  *Id*. at 1218 (citing *Knox v. McGinnis*, 998 F.2d 1405, 1412-15 (7th Cir. 1993)).

In this case, Plaintiff sought injunctive relief against Defendants related to the conditions of his confinement.  (ECF No. 48 at 5 ("The Plaintiff *is a* Colorado State *prisoner* seeks [sic] relief in the nature of injunctive and declaratory judgments against prison officials . . . Plaintiff alleges that the prison officials *have subjected him* to sanctions and punitive measures based in whole or in part on an uncorroborated polygraphs [sic] examinations(s). . . ."), 8 ("In order to obtain a *positive recommendation* for parole release . . .") (emphasis added).)  Plaintiff's release from the CDOC rendered his claims for injunctive relief moot.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (prisoner's transfer mooted his claim for injunctive relief as a judgment in the prisoner's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him").

Plaintiff's claim regarded *prison* conditions and regulations as opposed to *parole procedures* or conditions and regulations that affect *parole*. (ECF No. 48 at 5.) Plaintiff concedes this fact in his objections. (ECF No. 91 at 9 ("The crux of Mr. Wilson's [Complaint] was related to meeting the criteria to be consider [sic] as being 'compliant' in treatment, thus being able to be given a favorable recommendation for parole. . . .").) As in *McAlpine*, 187 F.3d at 1215 n.1, here Plaintiff's claim related solely to the conditions of his confinement. Again, Plaintiff's attempts to amend his Complaint through briefing in opposition to the Recommendation (ECF No. 91 at 18-21) by arguing that he is potentially subject to another polygraph while on parole are unavailing. *See Jojola*, 55 F.3d at 494. Again, Plaintiff pled no allegations showing that there is a "threatened injury" related to a future polygraph that is "certainly impending" to constitute an injury in fact to save his claim from being moot as a result of his release from prison. *See Whitmore*, 495 U.S. at 158; (*see generally* ECF No. 48). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *accord Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011).

For these reasons, the Court overrules Plaintiff's objection and adopts the Recommendation with respect to Plaintiff's claims for injunctive relief. The Court dismisses Plaintiff's claims for injunctive relief for lack of subject matter jurisdiction.

### C.    Claims Against Defendants Jenks and Sheely

No party filed an objection to the Magistrate Judge's Recommendation to dismiss Defendants Jenks and Sheely. The Court finds no clear error in this aspect of the Recommendation and accordingly adopts the Recommendation to dismiss Defendants Jenks and Sheely.

### D.     Plaintiff's Other Objections are Insufficient as a Matter of Law

Plaintiff's remaining objections (ECF No. 91 at 7-18) are insufficient as a matter of law because they are not specific to the legal conclusions reached by Magistrate Judge Tafoya (ECF No. 88). *See 2121 E. 30th St.*, 73 F.3d at 1059. For this reason, the Court overrules Plaintiff's remaining objections (ECF No. 91 at 7-18).

## IV.    CONCLUSION

Based on the foregoing, the Court:

(1)     OVERRULES Plaintiff's objections (ECF No. 91);

(2)     ADOPTS the Recommendation (ECF No. 88) and MODIFIES it as previously stated;

(3)     GRANTS CDOC Defendants' motion to dismiss (ECF No. 65);

(4)     GRANTS Jenks Defendants' motion to dismiss (ECF No. 74); and

(5)     DISMISSES Plaintiff's Complaint (ECF No. 48) without prejudice[3].

DATED this 20th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[3] Plaintiff's Complaint also named as a Defendant the "Phase II SOTMP Treatment Team." (ECF No. 48 at 4.) To the extent Plaintiff's claims are against any unnamed individuals who are part of the Phase II SOTMP Treatment Team, those claims suffer from the same infirmities as identified in this Order and therefore, those claims are dismissed on the bases of Eleventh Amendment immunity and mootness.